**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4021-23

JEANNE DALY, POLISH
AMERICAN STRATEGIC
INITIATIVE, INC., and POLISH
AMERICAN STRATEGIC
INITIATIVE EDUCATIONAL
ORGANIZATION, INC.,

      Plaintiffs-Appellants,

v.

EXCHANGE PLACE ALLIANCE
DISTRICT MANAGEMENT
CORPORATION and JERSEY
CITY PLANNING BOARD,

      Defendants-Respondents.

_____

Argued September 16, 2025 – Decided October 17, 2025

Before Judges Gilson, Firko, and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2076-22.

Noah Botwinick argued the cause for appellants (Lieberman Blecher & Sinkevich, PC, attorneys; Stuart

J. Lieberman, of counsel; Zoe N. Ferguson, on the briefs).

Donald M. Pepe argued the cause for respondent Exchange Place Alliance District Management Corporation (Scarinci & Hollenbeck, LLC, attorneys; Donald M. Pepe, of counsel and on the brief; Patrick T. Conlon, on the brief).

Santo T. Alampi (Law Office of Santo T. Alampi, LLC) argued the cause for respondent Jersey City Planning Board.

PER CURIAM

This appeal involves challenges to a renovation project at Exchange Place Plaza in Jersey City. Plaintiffs Jeanne Daly, Polish American Strategic Initiative, Inc., and Polish American Strategic Initiative Educational Organization, Inc. filed an action in lieu of prerogative writs challenging the decision of the Jersey City Planning Board (the Board) to recommend a publicly-funded renovation project overseen by the Exchange Place Alliance District Management Corporation (EP Alliance). Plaintiffs appeal from an order dismissing their legal action with prejudice.

Because the renovation project has now been completed and because plaintiffs are not seeking to dismantle the project, we hold that plaintiffs' claims are moot, and we dismiss this appeal. Nevertheless, because plaintiffs' claims involve a publicly-funded project, we have also reviewed plaintiffs' arguments.

A-4021-23

Having done so, we determine that the Board's recommendation was not arbitrary, capricious, or unreasonable and none of plaintiffs' challenges warrant a reversal of the Board's recommendation or further proceedings. We, therefore, also affirm the order dismissing plaintiffs' complaint with prejudice.

I.

In 2016, the City of Jersey City (the City) enacted an ordinance creating the Exchange Place Special Improvement District (the EP District), which includes properties along the Hudson River and the Exchange Place Plaza. Jersey City, N.J., Code § 69-71(A). The City also established the EP Alliance as a public, non-profit corporation to manage the EP District. Additionally, the City authorized the EP Alliance to undertake improvements designed to increase the safety and attractiveness of the EP District. Jersey City, N.J., Code § 69-74(L).

Prior to 2022, the pedestrian plaza at Exchange Place Plaza was an open hardscape plaza used by pedestrians and motor vehicles. The plaza included the Katyn Memorial, a statute memorializing the 1940 massacre of Polish military officers and prisoners of war.

After consulting with various community organizations, the EP Alliance proposed improvements to several properties, including the pedestrian plaza at

Exchange Place Plaza (the Improvement Project). In mid-April 2022, the EP Alliance applied to have the Board review the Improvement Project in accordance with Section 31 of the Municipal Land Use Law. N.J.S.A. 40:55D-31. Under Section 31, a planning board reviews applications by a public agency that proposes to spend public funds on a project. The purpose of the review is to determine if the project is consistent with the applicable master plan. N.J.S.A. 40:55D-31. In making its application to the Board, the EP Alliance provided notice to property owners located within 200 feet of the proposed Improvement Project.

The Board first considered the application on April 26, 2022. At that public hearing, the Board heard testimony from Thomas Carman, a licensed landscape architect, who had designed the Improvement Project. The EP Alliance also presented testimony from Gabrielle Gornelli, a licensed civil engineer.

Additionally, the Board heard testimony from Mallory Clark, a senior planner for Jersey City. Clark opined that the Improvement Project was consistent with the goals of the City's master plan. She also testified that the Improvement Project would not make changes to the use of the pedestrian plaza but would improve pedestrian safety.

4                                                                    A-4021-23

Finally, the Board heard comments from members of the public. Some members of the public took issue with the design of the Improvement Project because it included adding benches and landscaping that would obstruct access to and views of the Katyn Memorial.

After hearing testimony and public comments, on April 26, 2022, the Board voted to not recommend the Improvement Project. The Board as a whole did not expressly state the reasons for its decision. Nevertheless, the Board members who made comments concerning the Improvement Project, stated that they were concerned with the design of the project and that benches and landscaping would block access to and views of the monument.

Several days later, on April 29, 2022, the EP Alliance sent the Board a letter requesting reconsideration of its decision. The EP Alliance asserted that the Board had not properly considered the issue before it; that is, whether the Improvement Project was consistent with the City's master plan. Instead, the EP Alliance contended that the Board had based its decision on its view of the design of the Improvement Project. The EP Alliance did not send new notices to local property owners concerning its request for reconsideration.

On May 10, 2022, which was the Board's next scheduled public meeting, the Board reconsidered its decision. That same day, Clark submitted a report to

5

the Board addressing the consistencies between the Improvement Project and the City's master plan.

At the May 10, 2022 Board meeting, both the Board's legal counsel and the EP Alliance's legal counsel explained that it was the EP Alliance's view that the Board's first vote had been focused on design issues, while the proper focus was whether the Improvement Project was consistent with the City's master plan. The Board did not hear new testimony. Nor did the Board or any of its members reference the new report submitted by Clark. Instead, a motion for reconsideration was made and each Board member voted in favor of reconsidering their prior position and recommending the Improvement Project because it was consistent with the master plan.

The following month, on June 24, 2022, plaintiffs filed an action in lieu of prerogative writs seeking to overturn the Board's May 10, 2022 decision to recommend the Improvement Project. Thereafter, plaintiffs amended their complaint. In their amended complaint, plaintiffs asserted three counts, claiming that (1) the Board acted arbitrarily, capriciously, and unreasonably because it made its decision to recommend the application based on information not in the record and the public was not allowed to comment on the new information; (2) the EP Alliance and the Board violated the Open Public

6

Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, because there was no public notice that the Board would reconsider its decision on May 10, 2024; and (3) the EP Alliance violated the Municipal Law Use Law (MLUL), N.J.S.A. 40:55D-1 to -171, because it allegedly changed its plans for the Improvement Project and did not present those new plans to the Board for review.

On March 19, 2024, the trial court conducted a review of the Board's record and heard arguments from counsel. As part of the materials submitted to the court, plaintiffs sent an expert report, dated February 20, 2023, from Carlos Rodrigues (the Rodrigues report).

On July 12, 2024, the trial court issued a final order (1) finding that the EP Alliance had not violated the OPMA; (2) sustaining the decision of the Board; and (3) dismissing the Law Division action with prejudice. The trial court supported its ruling with an oral decision read into the record on July 12, 2024.

The trial court found that plaintiffs did not demonstrate that the Board's decision to recommend the project was arbitrary, capricious, or unreasonable. In that regard, the court noted that the Board did not consider any evidence or testimony at the May 10, 2024 hearing. The trial court also reasoned that the

7

testimony given at the April 26, 2024 hearing was sufficient to support the Board's recommendation.

Additionally, the trial court found that neither the Board nor the EP Alliance had violated the OPMA. In reaching that conclusion, the court rejected plaintiffs' argument that notice was required under the MLUL. Instead, the court pointed out that the May 10, 2024 hearing was a regularly scheduled meeting, and the Board had previously published a notice of its regularly scheduled meetings for that year.

Plaintiffs now appeal from the Law Division's July 12, 2024 order. Plaintiffs did not seek a stay of the Improvement Project, and the project has now been completed.

## II.

On appeal, plaintiffs raise six main arguments. They contend that the trial court erred in (1) not considering whether the City's senior planner, Clark, had offered a net opinion; (2) not addressing the Rodrigues report; (3) misstating that the Board relied on testimony from a professional planner when no planner provided testimony; (4) not addressing that the Board had considered "extraneous evidence" at its May 10, 2024 meeting, including the April 29, 2022 letter from the EP Alliance and the supplemental report from Clark; (5) not

8

considering the Board's authority to approve a private access road as part of the Improvement Project; and (6) not considering whether the EP Alliance was required to send notice of its request for reconsideration.

Having reviewed the record and the applicable law, we hold that plaintiffs' arguments are moot because the Improvement Project has been completed. We also, however, address plaintiffs' arguments because they involve a challenge to the use of public funds and similar disputes may arise in the future. See State v. Cassidy, 235 N.J. 482, 491 (2018) (explaining that courts "will entertain a case that has become moot when the issue is of significant public importance and is likely to recur") (quoting State v. Gartland, 149 N.J. 456, 464 (1997)). We further hold that plaintiffs failed to show that the Board acted arbitrarily, capriciously, or unreasonably in recommending the Improvement Project and there are no grounds warranting remanding this matter for further proceedings.

A.    The Relief Sought On This Appeal Is Moot.

Plaintiffs asked us to remand this matter to the Law Division for a "complete assessment of all legal issues raised" in the trial court. Plaintiffs concede that they are not requesting the EP Alliance to take down or dismantle any part of the Improvement Project. Indeed, they acknowledge that "the Board's [Section 31] decision was not binding on" the EP Alliance and the EP

A-4021-23

Alliance "could have continued to build the project" without the Board's recommendation.

Plaintiffs' concessions are consistent with well-established law. Under a Section 31 review, the Board evaluates a proposed capital improvement project and makes a recommendation on whether it is consistent with an applicable master plan. N.J.S.A. 40:55D-31. The Board's recommendation is not binding on a public agency and that agency may accept or reject the Board's recommendation. See Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment of Clifton, 409 N.J. Super. 389, 426 (App. Div. 2009) (construing N.J.S.A. 40:55D-31 and holding that "planning board's recommendations are non-binding"); Ocean Cnty. Utils. Auth. v. Plan. Bd. of Berkeley, 221 N.J. Super. 621, 631 (Law Div. 1987) (explaining that the purpose of a Section 31 review is to allow a public agency to consider a planning board's recommendations concerning adjustments or modifications to a publicly funded project to make them consistent with the master plan).

Given that the Board's recommendation was non-binding and given that the Improvement Project has now been completed, we hold that plaintiffs' appeal is moot. "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately

threatened with harm." Stop & Shop Supermarket Co. v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). "An issue is 'moot when [a court's] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). Accordingly, "courts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief[.]" Stop & Shop Supermarket Co., 450 N.J. Super. at 291 (alteration in original) (quoting Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993)).

Plaintiffs are not seeking to have us, the Law Division, or the Board, direct the EP Alliance to tear down or modify the Improvement Project. Consequently, they are not asking for relief that can have any practical effect. We, therefore, dismiss this appeal as moot.

B.    Plaintiffs' Substantive Arguments.

Although we have held that this appeal is moot, we will nevertheless address plaintiffs' arguments because they relate to a publicly funded project and are capable of repetition if further renovations are made to the pedestrian

11

plaza.  See Cassidy, 235 N.J. at 491.  Therefore, the public has an interest in having the issues addressed on their merits.

Planning board decisions "enjoy a presumption of validity, and a court may not substitute its judgment for that of the [B]oard unless there has been a clear abuse of discretion."  Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002)).  Accordingly, "courts ordinarily should not disturb the discretionary decisions of local boards that are supported by substantial evidence in the record."  Lang v. Zoning Bd. of Adjustment of N. Caldwell, 160 N.J. 41, 58-59 (1999).

The party challenging the actions of a planning board must demonstrate that the board acted arbitrarily, capriciously, or unreasonably.  Dunbar Homes, Inc. v. Zoning Bd. of Adjustment of Franklin, 233 N.J. 546, 558 (2018) (quoting Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)); Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (citing Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998)).  "Even when doubt is entertained as to the wisdom of the [Board's] action, or as to some part of it, there can be no judicial declaration of invalidity in the absence of clear abuse of discretion . . . ."  Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965).

None of plaintiffs' arguments demonstrate that the Board acted arbitrarily, capriciously, or unreasonably. Nor do those arguments support a remand to the Law Division or to the Board for further proceedings.

Plaintiffs first argue that the Board improperly relied on a net opinion from the senior planner, Mallory Clark. In that regard, plaintiffs argue that Clark's opinion of whether the improvement Project was consistent with the master plan was not sufficiently supported by her testimony.

A planning board does not need expert testimony to evaluate whether a project is consistent with a master plan. See Klug v. Bridgewater Twp. Plan. Bd., 407 N.J. Super. 1, 13 (App. Div. 2009) (explaining that "a planning board is not required to accept the testimony of any expert"). The Board is presumed to be familiar with a master plan, which it helped to develop and which it regularly reviews. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 383 (1995) (stating that a board's consistency determination regarding the master plan is "entitled to deference and great weight"). Therefore, Clark's testimony was not necessary, but it did support the Board's own evaluation.

Next, plaintiffs contend that the trial court erred in not considering the Rodrigues report. The Rodrigues report was not part of the record before the

13

Board. Instead, plaintiffs only submitted that report to the trial court. Indeed, the report was prepared in February 2023, well after the Board made its decision on May 10, 2022.

We are not persuaded by plaintiffs' argument that the Rodrigues report was prepared and submitted to rebut the net opinion of Clark's testimony on April 26, 2022 or her supplemental report sent to the Board on May 10, 2022. The simple fact is that the Rodrigues report was not submitted to the Board and there are no grounds for holding that the trial court erred in not considering it and not remanding the matter for further consideration by the Board.

We are also unpersuaded by plaintiffs' argument that the trial court committed reversible error by stating that there was testimony from a professional planner when the testimony was from a licensed architect. Plaintiffs do not cite any authority requiring the Board to hear testimony from a professional planner at a Section 31 review. The trial court was apparently referencing the testimony by Carman, a licensed landscape architect. That reference does not undercut the court's rationale for finding the Board acted reasonably in recommending the Improvement Project.

Plaintiffs next argue that the Board improperly considered extraneous material at its May 10, 2022 hearing. Plaintiffs point to Clark's supplemental

report, which was submitted on May 10, 2022, and to the information and arguments made in the April 29, 2022 letter from the EP Alliance. A review of the transcript from the hearing on May 10, 2022 confirms that the Board did not discuss Ms. Clark's supplemental report. Indeed, the Board's chairperson expressly stated that the Board would not consider new evidence or testimony and therefore did not need further comments from the public. The Board's proceedings do not demonstrate any grounds for reversal.

Plaintiffs also argue that the Board did not have authority to approve a private access road as part of the Improvement Project. A Section 31 review is not a site-plan review. Compare N.J.S.A. 40:55D-31, with N.J.S.A. 40A:12A-13, and N.J.S.A. 40:55D-37(a). Instead, as already explained, a Section 31 review is limited to considering whether a public agency's plan to use public funds to make improvements is consistent with an applicable master plan. Plaintiffs have made no showing that the access road is inconsistent with the master plan.

Furthermore, the City has expressly authorized the EP Alliance to address motor vehicle traffic in the EP District. See Jersey City, N.J., Code §2-4. Thus, to the extent that plaintiffs seek to argue that the EP Alliance did not have

15

authority to propose a private access road as part of the Improvement Project, that contention is not supported by the record.

Finally, plaintiffs argue that the EP Alliance should have sent notices to property owners within 200 feet of the project when it asked the Board to reconsider its decision on May 10, 2022. The MLUL delineates when public notice of a hearing is required. See N.J.S.A. 40:55D-12(a). The MLUL does not require public notice when a board conducts a Section 31 review.

Just as critically, the Board had previously published notifications of when it would be conducting public meetings in 2022. There was public notice that the Board had a regular scheduled meeting on May 10, 2022. Thus, there was no showing that the Board or the EP Alliance violated any part of OPMA.

## III.

In summary, we dismiss this appeal as moot. Alternatively, we hold that the Board did not act arbitrarily, capriciously, or unreasonably in recommending the Improvement Project. In that regard, we note that the Board's recommendation did not include any suggested changes to make the Improvement Project more compatible with the Jersey City master plan.

Dismissed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

16

A-4021-23